01

02

03

04

05

06                        UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
07                                  AT SEATTLE

08  DASHA M. MARUSH,                        )
                                            )   CASE NO. C10-5488-JLR
09              Plaintiff,                   )
                                            )
10      v.                                   )
                                            )   REPORT AND RECOMMENDATION
11  MICHAEL J. ASTRUE, Commissioner of      )
    Social Security,                         )
12                                          )
                Defendant.                   )
13  _____ )

14          Plaintiff Dasha M. Marush appeals the final decision of the Commissioner of the Social

15  Security  Administration  ("Commissioner")  which  denied  her  applications  for  Disability

16  Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI

17  of  the  Social  Security  Act,  42  U.S.C.  §§  401-33  and  1381-83f,  after  a  hearing  before  an

18  administrative law judge ("ALJ").   For the reasons set forth below, the Court recommends that

19  the Commissioner's decision be REVERSED and REMANDED.

20                       I.   FACTS AND PROCEDURAL HISTORY

21          Plaintiff was born in 1962 and was 47 years old at the time of the hearing before the

22  ALJ.   (Administrative Record ("AR") 30, 126.)   She completed high school and a four-year

REPORT AND RECOMMENDATION
PAGE -1

01 college degree in race-track management.  (AR 30, 161, 234, 461, 667, 747.)  Her past work

02 experience includes employment as a customer service manager, human services worker,

03 pari-mutuel inspector, photo finisher operator, race official, and regulatory analyst.  (AR 25,

04 157, 164.)

05      Plaintiff asserts that she is disabled due to asthma, anemia, depression, fatigue, joint

06 pain and muscle pain, and stroke.  (AR 156.)  She asserts an onset date of October 31, 2002.

07 (AR 126, 131.)

08      The Commissioner denied plaintiff's claim initially and on reconsideration.  (AR

09 77-80, 82-83.)  Plaintiff requested a hearing, which took place on May 27, 2009.  (AR 87-88,

10 27-72.)  The ALJ heard testimony from plaintiff and medical expert William Newman, M.D.

11 (AR 27-72, 116-18.)  On July 15, 2009, the ALJ issued a decision finding plaintiff not

12 disabled.  (AR 14-26.)

13      Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals

14 Council (AR 1-5), making the ALJ's ruling the "final decision" of the Commissioner as that

15 term is defined by 42 U.S.C. § 405(g).  On July 12, 2010, plaintiff timely filed the present

16 action challenging the Commissioner's decision.  (Dkt. 3.)

17                              II.  JURISDICTION

18      Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§

19 405(g) and 1383(c)(3).

20                          III.  STANDARD OF REVIEW

21      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

22 social security benefits when the ALJ's findings are based on legal error or not supported by

REPORT AND RECOMMENDATION
PAGE -2

01 substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th

02 Cir. 2005).  "Substantial evidence" is more than a scintilla, less than a preponderance, and is

03 such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

04 *Richardson v. Perales*, 402 U.S. 389, 201 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

05 Cir. 1989).   The ALJ is responsible for determining credibility, resolving conflicts in medical

06 testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d

07 1035, 1039 (9th Cir. 1995).   While the Court is required to examine the record as a whole, it

08 may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.

09 *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).   When the evidence is susceptible to

10 more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.

11 *Id*.

12       The Court may direct an award of benefits where "the record has been fully developed

13 and further administrative proceedings would serve no useful purpose."   *McCartey v.*

14 *Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292

15 (9th Cir. 1996)).   The Court may find that this occurs when:

16       (1) the ALJ has failed to provide legally sufficient reasons for rejecting the
       claimant's evidence; (2) there are no outstanding issues that must be resolved
17       before a determination of disability can be made; and (3) it is clear from the record
       that the ALJ would be required to find the claimant disabled if he considered the
18       claimant's evidence.

19 *Id*. at 1076-77.

20                          IV.   DISCUSSION

21       As the claimant, Ms. Marush bears the burden of proving that she is disabled within the

22 meaning of the Act.   *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).   The Act defines

disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. § 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  At step one, it must be determined whether a claimant has engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  The ALJ found plaintiff has not engaged in substantial gainful activity since October 31, 2002, the alleged onset date.  (AR 16.)  At step two, it must be determined whether a claimant suffers from a severe impairment.  The ALJ found plaintiff has the following severe impairments: degenerative disc disease, status post cardiovascular accident, and obesity.  (AR 16.)  Step three asks whether a claimant's impairments meet or medically equal a listed impairment.  The ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment.  (AR 21.)  If the claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity ("RFC") and determine at step four whether the claimant has demonstrated an inability to perform past relevant work.  The ALJ found plaintiff has the RFC to perform light work, except for no sustained overhead work, no sustained neck straining, and no exposure to concentrated levels of pulmonary irritants.  (AR 22.)  If the claimant is able to

REPORT AND RECOMMENDATION
PAGE -4

01 perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts

02 to the Commissioner at step five to show that the claimant can perform other work that exists in

03 significant numbers in the national economy, taking into consideration the claimant's RFC,

04 age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180

05 F.3d at 1099-1100.   The ALJ found plaintiff is capable of performing her past relevant work as

06 a customer service manager, human services worker, pari-mutuel inspector, race official, and

07 regulatory analyst.  (AR 25.)   The ALJ concluded plaintiff has not been under a disability

08 from October 31, 2002, through the date of the decision.   (AR 26.)

09       Plaintiff argues that the ALJ (1) erroneously evaluated the testimony of medical expert

10 William Newman, M.D.; and (2) erred in finding her capable of performing her past relevant

11 work at step four.  (Dkt. 16.)  She requests remand for further administrative proceedings.

12 *Id*. at 11.   The Commissioner argues that the ALJ's decision is supported by substantial

13 evidence and should be affirmed.  (Dkt. 17.)  For the reasons described below, the Court

14 agrees with the plaintiff.

15       A.   <u>Medical Expert Testimony</u>

16       Plaintiff argues that the ALJ erroneously evaluated the opinion of medical expert

17 William Newman, M.D., who testified that plaintiff would have difficulty with "prolonged

18 working on a computer" (AR 66).  (Dkt. 16 at 3-5.)  Plaintiff contends that because the ALJ

19 did not explicitly address Dr. Newman's testimony about plaintiff's ability to use a computer,

20 he improperly rejected that testimony.  *Id*.  The Commissioner responds that the ALJ's

21 limitation to "no sustained neck straining" (AR 22), properly incorporated Dr. Newman's

22 testimony about computer usage.  (Dkt. 17 at  5-6.)

REPORT AND RECOMMENDATION
PAGE -5

01    Dr. Newman testified, in part, as follows:

02    A   . . . There are certain occupations that people with neck trouble do have
      problems.   Somebody, a lab technician that has to look into a microscope all day
03    long. . . . even prolonged working on a computer may bother her.   She'd have to do
      it intermittently because the neck muscles contract to maintain your gaze at a
04    certain thing over long period of times.   And you have to relieve that. . . . By
      changing positions.

05
      Q [by attorney]   Well do you think if she had the ability to move her neck about
06    and change positions throughout the day that she could do a job looking down at a
      table or computer?

07
      A   If, if it was something that required looking into a microscope all day long, I'm
08    thinking of things that may strain her neck.   Perhaps driving a truck.   She does
      drive a car. . . . And so she is able to look around.

09
      Q   But, she doesn't do it all day.

10
      A   No, she doesn't do it all day.   So probably she can't be a truck driver or cab
11    driver, especially in heavy traffic.

12    Q   Yeah.   Do you think she could sit at a desk and assemble something at a table
      or write something eight hours a day?

13
      A   Yes.   Yes I do think so, something light.

14

15    (AR 66-67 (emphasis added).)   As the Commissioner notes, when addressing computer usage,

16    Dr. Newman specifically testified about "things that may strain her neck," and repeatedly used

17    words such as "all day long," "prolonged," and "long period of times."   (AR 67.)   The ALJ

18    reasonably incorporated Dr. Newman's testimony into his RFC assessment by limiting plaintiff

19    to "no sustained neck straining."   (AR 22.)   Plaintiff acknowledges the "possibility" that the

20    ALJ's limitation to "no sustained neck straining" incorporated Dr. Newman's testimony.

21    (Dkt. 16 at 5.)   Thus, the Commissioner agrees with plaintiff that the ALJ adopted Dr.

22    Newman's testimony regarding computer usage into his RFC assessment.   (Dkt. 17 at 5-6.)

REPORT AND RECOMMENDATION
PAGE -6

01     In her reply brief, plaintiff acknowledges that the parties agree that the ALJ implicitly

02 adopted Dr. Newman's testimony about computer usage.   (Dkt. 18 at 2.)   Because the parties

03 agree that the ALJ adopted Dr. Newman's opinion regarding computer use, this issue is moot.

04     B.   Step Four

05     At step four, the claimant bears the burden of proving that she can no longer perform her

06 past relevant work.   20 C.F.R. §§ 404.1512(a), 404.1520(f); *Barnhart v. Thomas*, 540 U.S. 20,

07 25 (2003).   Although the burden of proof lies with the claimant, the ALJ retains a duty to make

08 factual findings to support his conclusion, including a determination of whether the claimant

09 can perform the actual functional demands and job duties of her past relevant work or the

10 functional demands and job duties of the occupation as generally performed in the national

11 economy.   *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001) (citing Social Security

12 Ruling ("SSR") 82-61).   "This requires specific findings as to the claimant's residual

13 functional capacity, the physical and mental demands of the past relevant work, and the relation

14 of the residual functional capacity to the past work."   *Id*. at 845 (citing SSR 82-62).   RFC is

15 the most a claimant can do considering her limitations or restrictions.   SSR 96-8p.   The ALJ

16 must consider the limiting effects of all of plaintiff's impairments, including those that are not

17 severe, in determining RFC.   20 C.F.R. §§ 404.1545(e), 416.945(e); SSR 96-8p.   "[T]wo

18 sources of information . . . may be used to define a claimant's past relevant work as actually

19 performed:   a properly completed vocational report, SSR 82-61, and the claimant's own

20 testimony, SSR 82-41."   *Pinto*, 249 F.3d at 845.   A claimant may be found not disabled at step

21 four based on a determination that she can perform past relevant work as it was actually

22 performed or as it is generally performed in the national economy.   SSR 82-61; SSR 96-8p.

REPORT AND RECOMMENDATION
PAGE -7

01          In the present case, the ALJ determined that plaintiff could perform five of her past

02  relevant jobs both as actually performed and as generally performed:  customer service

03  manager, human services worker, pari-mutuel inspector, race official, and regulatory analyst.

04  (AR 25.)   Plaintiff argues that the ALJ erred in failing to make adequate findings to support his

05  determination that her RFC did not preclude performance of her past relevant work as actually

06  performed and as generally performed.  (Dkt. 16 at 7-11.)

07          The Commissioner concedes that substantial evidence does not support the ALJ's

08  finding that plaintiff could perform her past relevant work as it is generally performed because

09  the ALJ did not cite any evidence for the demands of plaintiff's five past relevant jobs as

10  generally performed in the national economy.  (Dkt. 17 at 6-7.)   However, the Commissioner

11  contends that any error was harmless "because an ALJ is only required to consider a claimant's

12  past relevant work as it is generally performed when the claimant is not able to perform her past

13  relevant work as it was actually performed."  *Id*. at 7.

14          Because the ALJ was not required to determine whether plaintiff could perform her past

15  relevant jobs as generally performed *and* as actually performed, the Court agrees with the

16  Commissioner that the ALJ's error in finding that plaintiff could perform her past relevant work

17  as it is *generally* performed in the national economy was harmless error.  *See* SSR 96-8p.

18  However, the Court finds substantial evidence does not support the ALJ's decision that plaintiff

19  could perform her past relevant jobs as actually performed.

20          As plaintiff notes, the ALJ was required to make three distinct findings at step four:   (1)

21  a finding of fact as to the plaintiff's RFC, (2) a finding of fact as to the physical and mental

22  demands of plaintiff's past jobs; and (3) a finding of fact that the plaintiff's RFC would permit

REPORT AND RECOMMENDATION
PAGE -8

01  a return to her past jobs.   SSR 82-62.   Petitioner does not challenge the ALJ's RFC

02  assessment, which limited plaintiff to light work and prohibited "sustained overhead work" and

03  "sustained neck straining."   (AR 22.)   However, plaintiff argues that the ALJ failed to make

04  sufficient findings of fact as to the physical demands of her past jobs and whether plaintiff's

05  RFC would permit a return to her past jobs.   (Dkt. 16 at 8-9.)

06        "The decision as to whether the [plaintiff] retains the functional capacity to perform past

07  work . . . has far-reaching implication and must be developed and explained fully in the

08  disability decision."   SSR 82-62.   The regulations require the ALJ to obtain adequate

09  documentation of past work to support the decision as to the plaintiff's ability to return to past

10  work.   *Id*.   "Adequate documentation of past work includes factual information about those

11  work demands which have a bearing on the medical established limitations.   Detailed

12  information about strength, endurance, manipulative ability, mental demands and other job

13  requirements must be obtained as appropriate."   *Id*.

14        The Commissioner argues that the ALJ properly relied on plaintiff's description of her

15  jobs in the Work History Report in determining that plaintiff could do her past relevant work as

16  they were actually performed.   (AR 164-77.)   However, as plaintiff argues, her written

17  descriptions indicate that the physical demands of her past jobs exceed the limitations adopted

18  by the ALJ in his RFC assessment.   For example, plaintiff indicated that her jobs as a customer

19  service manager, human services worker, and race official entailed working more than forty

20  hours per week, when the ALJ concluded that plaintiff has the RFC to stand or walk for only six

21  hours in an eight hour workday.   *See* SSR 83-10.   Plaintiff also indicated that her job as a

22  regulatory analyst required the ability to sit for seven hours out of an eight-hour workday, when

REPORT AND RECOMMENDATION
PAGE -9

01   the ALJ concluded that plaintiff has the RFC to sit for only six hours maximum.  *See* SSR

02   96-9p.; SSR 83-10; 20 C.F.R. § 404.1567(b) ("If someone can do light work, we determine that

03   he or she can also do sedentary work.")   In addition, plaintiff contends that her past work as a

04   pari-mutuel inspector was inconsistent with her limitations because that work involved

05   extensive use of computer and video monitors and the ALJ's RFC precluded "sustained neck

06   straining."  (Dkt. 16 at 8.)   While the ALJ determined that plaintiff had the RFC to perform

07   light work with "no sustained overhead work" and "no sustained neck straining," there was no

08   evidence adduced at the hearing that this was consistent with how plaintiff actually performed

09   her past jobs.   As a result, the ALJ's finding that plaintiff could perform her past relevant work

10   is not supported by substantial evidence.

11          The Commissioner argues that the Work History Report submitted by plaintiff was

12   sufficiently clear to forego additional development.   (Dkt. 17 at 8.)   The Court disagrees with

13   the Commissioner.   Because the ALJ cited no evidence addressing the overhead reaching and

14   sustained neck straining demands of each of plaintiff's jobs, the ALJ's conclusion that

15   plaintiff's RFC would permit a return to her past jobs is speculation unsupported by the

16   evidence in the record or any reasonable inference from that evidence.   *Pinto*, 249 F.3d at 846

17   ("[F]inding that a claimant has the capacity to do past relevant work on the basis of a generic

18   occupational classification of the work is likely to be fallacious and unsupportable.")

19   Although the ALJ made specific findings about these limitations, he failed to explain how these

20   limitations related to his finding that plaintiff could perform her past work as actually

21   performed.   *See Pinto*, 249 F.3d at 845.   Moreover, an ambiguity arises from plaintiff's report

22   that her jobs as customer service manager, human services worker, and race official required

REPORT AND RECOMMENDATION
PAGE -10

01 her to work more than forty hours per week, and her job as a regulatory analyst required sitting

02 for seven hours per workday.   Accordingly, the ALJ did not develop an adequate record with

03 respect to those demands.

04       The ALJ's finding that plaintiff's RFC does not preclude performance of her past

05 relevant work as actually performed is not supported by the evidence of record.   On remand,

06 the ALJ is directed to solicit additional testimony from plaintiff regarding her past relevant

07 work before concluding that she is able to perform it as actually performed.   If the ALJ

08 concludes that plaintiff is not able to perform her past relevant work as it was actually

09 performed, the ALJ is directed to solicit testimony from a vocational expert that is consistent

10 with the Dictionary of Occupational Titles before concluding that plaintiff is able to perform

11 her past relevant work as it is generally performed, or concluding that plaintiff is able to

12 perform other jobs existing in significant numbers in the national economy.

13                          V.   CONCLUSION

14       For the foregoing reasons, the Court recommends that this case be REVERSED and

15 REMANDED for further administrative proceedings consistent with this opinion.   A proposed

16 order accompanies this Report and Recommendation.

17       DATED this <u>14th</u> day of March, 2011.

18

19

20                                    Mary Alice Theiler
                                      United States Magistrate Judge

21

22

REPORT AND RECOMMENDATION
PAGE -11